470

## UNITED STATES v. GUARANTY BANK & TRUST CO. et al.

### Civ. No. 76.

District Court, E. D. North Carolina,
Washington Division.

May 5, 1944.

J. O. Carr, U. S. Dist. Atty., of Wilmington, N. C., and Charles F. Rouse, Asst. U. S. Dist. Atty., of Kinston, N. C., for the United States.

W. B. Rodman, of Washington, N. C., R. L. Coburn, of Williamston, N. C., and R. B. Lee, of Greenville, N. C., for defendant.

MEEKINS, District Judge.

This cause came on to be heard and was heard by the Judge Presiding at the April Term in Washington, North Carolina. The parties waived a jury trial. Upon the evidence offered the Court finds the following facts:

1. Guaranty Bank & Trust Company is a corporation organized under the laws of the State of North Carolina, with a branch office at Williamston in Martin County. Defendant, D. V. Clayton, is a resident of Martin County and was and is the cashier in charge of the Williamston, North Carolina, branch of defendant Guaranty Bank & Trust Company.

2. On November 7, 1941, an assessment to enforce "unjust enrichment" taxes for the year 1935 under the provisions of the Revenue Act of 1936 was duly made by the Commissioner of Internal Revenue of the United States against D. M. Roberson in the sum of $8,114.58 with a penalty of $6,085.94 and interest to November 7, 1941, in the sum of $2,383.90. The total assessment for said taxes, penalty and interest to November 7, 1941, amounted to $16,584.42.

3. On November 12, 1941, notice and demand for income tax on Treasury Form 7658 was duly served on D. M. Roberson and on November 27, 1941, Charles H. Robertson, Collector of Internal Revenue for the State of North Carolina, issued a warrant for distraint for the said unpaid balance of $16,584.42.

4. As provided by the Internal Revenue Laws of the United States, a notice of tax lien, duly signed by Charles H. Robertson, Collector, dated November 27, 1941, was filed with the Register of Deeds of Martin County on November 28, 1941, and a similar notice was filed with the Clerk of the United States District Court at Raleigh, Wake County, North Carolina, on November 28, 1941.

5. D. M. Roberson was and is a citizen and resident of Martin County, North Carolina.

6. On February 23, 1942, Charles H. Robertson, Collector of Internal Revenue, issued a warrant for distraint authorizing the levy on all of the property and property rights of D. M. Roberson and directing the collection of the aforesaid sum from the property and property rights of the said D. M. Roberson. This notice of levy was served on the defendant, D. V. Clayton, individually and as cashier of the Guaranty Bank & Trust Company, by Phillip B. Woodley, Deputy Collector, on February

24, 1942, at 1:31, P.M., and demand was then and thereupon made that all moneys or property or rights to property in possession of said defendant bank belonging to the said D. M. Roberson in whatever name or account called be turned over to the said Charles H. Robertson, Collector of Internal Revenue for North Carolina, or his duly authorized deputy or deputies.

7. D. M. Roberson is now and for several years past has been engaged in Williamston in the business of buying, selling slaughtering and processing and packing livestock and meat products. Mr. Roberson did business under the trade name of "Roberson Slaughter House." He maintained a bank account with the Guaranty Bank & Trust Company (Williamston branch) in the name of Roberson Slaughter House.

8. Roberson's business fell into two material divisions, (1) the purchase of cattle and hogs for slaughter and packing at his plant in Williamston, and (2) the purchase of cattle and other livestock for resale to packers on other markets. Prior to February 5, 1942, Roberson discussed with the defendant, Clayton, the question of maintaining two bank accounts, one to be known as the Roberson Stockyards account and the other to be known as the Roberson Slaughter House account, stating that separate bank accounts would facilitate his bookkeeping work. For this purpose there was opened an account by the defendant, D. M. Roberson, with the Guaranty Bank & Trust Company (Williamston branch), on February 5, 1942, an account designated as Roberson Stockyards. Roberson's sale of live animals was almost exclusively to Kingan & Company, Richmond, Virginia. There was credited to Roberson's Stockyards account with the defendant, Bank, drafts drawn for the sale of livestock to other packers. There was charged to the Roberson Stockyards account checks given for the purchase of livestock for resale. Checks on the Slaughter House account were on a printed form with the name "Roberson Slaughter House" printed thereon. Checks on the Roberson Stockyards account were on the regular customers desk form. Each of these accounts belonged to D. M. Roberson and the two names, Roberson's Stockyards and Roberson's Slaughter House were used merely as a matter of convenience in bookkeeping. On February 5, 1942, when the new account was opened by D. M. Roberson with Guaranty Bank & Trust Company (Williamston branch) in the name of Roberson Stockyards, it was understood and agreed between Mr. Roberson and the Bank that the Bank would, so long as the two funds were sufficient for that purpose, cash checks drawn by Roberson or his duly authorized agent either in the name of Roberson's Slaughter House or Roberson's Stockyards, and that each of said accounts was responsible for the checks so drawn and that the Bank should have the right to charge said checks against either account.

9. On February 24, 1942, when the Deputy Collector served his warrant and levy on the defendant Bank and the defendant Clayton, the books of the defendant, Guaranty Bank & Trust Company (Williamston branch), showed a balance to the credit of Roberson's Stockyards of $10,116.74 and a credit to the account of Roberson's Slaughter House of $1.91.

10. On Saturday, February 21, 1942, defendant Guaranty Bank & Trust Company had paid checks drawn by D. M. Roberson against the account of Roberson's Slaughter House amounting to $6,915.93. These checks, although paid, had not been charged on the books of the Bank to either the Roberson Stockyard account or the Roberson Slaughter House account, but D. M. Roberson, the owner of both of said accounts, was indebted and liable to the Bank for the payment of the checks so drawn and which had not actually been charged on the books.

11. The Bank was not open for the transaction of business on Sunday, February 22d, or on Monday, February 23d, a holiday. On the morning of February 24, 1942, and before the Deputy Collector served his warrant of attachment and levy on the defendant Bank and the defendant Clayton, defendant Bank paid checks drawn by D. M. Roberson or his authorized agents on the account of Roberson's Slaughter House in excess of $3,202.72. These checks had not been charged to either of the accounts at the time of said levy. All of said checks were either drawn by D. M. Roberson, personally, or by his duly authorized representative.

12. The Bank cashed and paid the checks referred to in the two preceding findings of fact pursuant to the agreement and understanding had with D. M. Roberson early in February, 1942, when his bank account was divided into two ledger accounts as

472

Roberson's Slaughter House and Roberson's Stockyards that each should be responsible for any checks drawn by D. M. Roberson or his duly authorized representative.

13. The checks which had been cashed and paid by the Bank on February 21st and February 24th (Sections 10 and 11 of these findings) were exhibited to the Deputy Collector at the time of his levy and the defendant Bank, at the time of said levy, asserted that because of the payment of said checks it was not indebted to D. M. Roberson in any sum and, hence, had no property or property rights of the said D. M. Roberson which could be applied or taken under the provisions of said levy. The Deputy Collector insisted that notwithstanding the payment of said checks by the Bank, the checks not having at that time been charged on the Bank's books to either of the bank accounts of D. M. Roberson, the Bank could not after said levy had been made charge said checks and that the Bank would have to pay over to the Deputy Collector pursuant to said levy the amount shown by the books of the Bank to be held to the credit of Roberson Stockyards and Roberson Slaughter House.

14. On February 25th, D. M. Roberson presented to defendant, Guaranty Bank & Trust Company, two drafts on Albert E. Jordan, First & Merchants National Bank, Richmond, Virginia, one of said drafts being in the sum of $2,940.02 and the other for the sum of $2,046.91. Said drafts, although dated February 24th, were not in fact in the possession of the defendant Bank on that date; the Bank did not know of the existence of said drafts on said date; they were not presented to the Bank until February 25th and when presented they were purchased by the Bank and the moneys for said purchase were turned over to D. M. Roberson.

 The Government asserts that defendants are liable under Section 3710 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3710, for $10,118.65, the amount shown by the books of the defendant, Bank, to have been on deposit to the credit of Roberson Stockyards and Roberson Slaughter House, both of which accounts were the property of D. M. Roberson. The Court being of the opinion on the facts found, as hereinabove set out, that the defendants were not at the time of the levy "in possession of any property or rights to property" of D. M. Roberson,

It is now adjudged and decreed that the plaintiff, United States of America, take nothing by its action and that defendants go without day.